UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| JAMES W. CLOSE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | |
| JUSTINE "JB" SOSA, an individual and | § | 7:15-cv-00145-DAE |
| RICHARD PADILLA and CORBETTE PADILLA | § | |
| Husband and wife d/b/a STEAK 42, and | § | |
| MIDLAND MAJESTIC, LLC, a Texas | § | |
| Limited Liability Company, | § | |
| | § | |
| DEFENDANTS. | § | |

## DEFENDANTS' FIRST AMENDED ANSWER

TO THE HONORABLE SENIOR U.S. DISTRICT JUDGE:

Defendants Justine "JB" Sosa, Richard Padilla and Corbette Padilla d/b/a Steak 42, and Midland Majestic, LLC ("Defendants") file this Answer and would respectfully show the Court as follows:

### JURISDICTION

1. Defendants admit that jurisdiction is proper in the U.S. District Court for the Western District of Texas, Midland-Odessa Division pursuant to 28 U.S.C. §1331 and §343 for claims arising under Title 42 U.S.C. §12181 et. seq., based on violations of Title III of the American with Disabilities Act of 1990, ("ADA") as alleged in Paragraph 1 of Plaintiff's Complaint.

### VENUE

2. Defendants admit that venue is proper in Midland County, Texas, as alleged in Paragraph 2 of Plaintiff's Complaint.

## PARTIES

3.     Defendants admit that Plaintiff James W. Close ("Plaintiff") is an individual. Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 3 and therefore deny the same.

4.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 4 and therefore deny the same.

   a.    Defendants deny that the facility located at 911 S. Big Spring St., Midland, Texas 79701 does not have the required number of disabled parking spaces as alleged in Paragraph 4(a).

   b.    Defendants deny there is no access aisle servicing any existing parking space as alleged in Paragraph 4(b).  Defendants deny that there is no safe access path to the entrance of the building.  Defendants' deny there is no safe entrance to the building for persons with disabilities.

   c.    Defendants deny that there is no existing accessible route to help persons with disabilities safely maneuver through the parking facility as alleged in Paragraph 4(c).

   d.    Defendants deny the parking facility does not provide a compliant disabled parking space as alleged in Paragraph 4(d).

   e.    Defendants deny there are no accessible routes to the main entrance door on the West side of the building as alleged in Paragraph 4(e).

5.     Defendants are without sufficient knowledge or information regarding Plaintiff's intentions to admit or deny the allegations in Paragraph 5 and therefore deny the same.

6.     Defendants are without sufficient knowledge or information regarding whether Plaintiff is a "tester" as alleged in Paragraph 6 and therefore deny the same.

7. Defendants admit that Defendant Steak 42 and Defendant Midland Majestic, LLC are authorized to conduct business and are in fact conducting business within the State of Texas. Defendants admit that Steak 42 is located at 911 S. Big Spring St., Midland, Texas 79701. Defendants admit that Midland Majestic, LLC is the owner and/or lessor of the Real Property ("Subject Facility") located at 911 S. Big Spring, Midland, Texas 79701. Defendants admit that Justine "JB" Sosa, an individual, and Richard Padilla and Corbette Padilla, husband and wife, are co-owners of Steak 42. Defendants admit that Steak 42 lessee and/or operator of the Real Property ("Subject Facility") located at 911 S. Big Spring, Midland, Texas 79701. Defendants deny the balance of the allegations contained in Paragraph 7.

### (FIRST CAUSE OF ACTION)
### CLAIMS: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

8. Defendants admit the allegations contained in Paragraph 8 and adopt and re-allege the allegations contained in paragraphs 1 through 7 above.

9. Defendants admit that Congress enacted the ADA on July 26, 1990. Defendants admit that businesses were required to implement its requirements between one and a half and two and a half years after the ADA's enactment depending on the size of the business. Defendants admit that the effective date of Title III of the ADA for businesses with 25 or fewer employees and gross receipts of $1,000,000 or less was January 26, 1992. *See* 28 C.F.R. §36.508(b)(1). Defendants admit that the effective date of Title III of the ADA for businesses with 10 or fewer employees and gross receipts of $500,000 or less was January 26, 1993. *See* 28 C.F.R. §36.508(b)(2).

10. Defendants deny that Congress has enacted 42 U.S.C. §12101(a)(9). Defendants admit that 42 U.S.C. §12101(a)(1)-(3), (5), and (8) have been enacted by Congress. Defendants deny that Plaintiff has properly quoted the provisions.

      i.      Defendants admit that according to the *Americans with Disabilities:2010* report by the U.S. Census Bureau, 56.7 million Americans had a disability in 2010. Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 10(i) and therefore deny the same.

      ii.      According to 42 U.S.C. §12101(a)(2), Defendants admit the allegations made in Paragraph 10(ii).

      iii.      According to 42 U.S.C. §12101(a)(3), Defendants admit the allegations made in Paragraph 10(iii).

      iv.      According to 42 U.S.C. §12101(a)(5), Defendants admit the allegations made in Paragraph 10(iv).

      v.      According to 42 U.S.C. §12101(a)(8), Defendant admits the allegations made in Paragraph 10(v).

11.      Defendants admit that 42 U.S.C. §12101(b)(1), (2), and (4) have been enacted by Congress.

      i.      According to 42 U.S.C. §12101(b)(1), Defendants admit the allegations made in Paragraph 11(i).

      ii.      According to 42 U.S.C. §12101(b)(2), Defendants admit the allegations made in Paragraph 11(ii).

      iii.      According to 42 U.S.C. §12101(b)(4), Defendants admit the allegations made in Paragraph 11(iii).

12.      Defendants admit that Steak 42 is a place of "public accommodation" as defined by 42 U.S.C. §12181(7)(F) and 28 C.F.R. §36.104(ii)(B)(6). Defendants admit that Steak 42 is

required to comply with the ADA. Defendants deny the balance of the allegations contained in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

14. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 14 and therefore deny the same.

15. Defendants are without sufficient knowledge or information to admit or deny that Plaintiff would like to return and enjoy the goods and/or services of the Subject Facility on a spontaneous but full and equal basis and therefore deny the same. Defendants deny that Plaintiff is precluded from doing so. Defendants also deny that it fails and/or refuses to provide people with disabilities full access to its facility. Defendants are without sufficient knowledge or information to admit or deny that Plaintiff continues to suffer from discrimination and injury due to the alleged architectural barriers and therefore deny the same. Defendants deny the balance of the allegations contained in Paragraph 15.

16. Defendants admit that 42 U.S.C. §12134(a) requires the Department of Justice, Office of the Attorney General to promulgate regulations by July 26, 1991 in order to implement the requirements under the ADA. *See also* 28 C.F.R. §36 *et. seq*. Defendants admit that violations of 28 C.F.R. Part 36 may result in civil penalties. *See* 28 C.F.R. §36.504. Defendants deny the balance of the allegations in Paragraph 16.

17. Defendants deny that they are in violation of 42 U.S.C. § 12181 et seq. and 29 C.F.R. 36.302 et seq. as alleged in Paragraph 17 and more specifically as follows:

    a. Defendants deny that the facility does not have the required number of disabled parking spaces as alleged in Paragraph 17(a).

b.   Defendants deny there is no access aisle servicing any existing parking space. Defendants deny that there is no safe access path to the entrance of the building as alleged in Paragraph 17(b).  Defendants' deny there is no safe entrance to the building for persons with disabilities.

c.   Defendants deny that there is no existing accessible route to help persons with disabilities safely maneuver through the parking facility.  Defendants deny the parking facility does not provide a compliant disabled parking space.  Defendants deny the balance of the allegations contained in Paragraph 17(c).

d.   Defendants deny there are no accessible routes to the main entrance door on the West side of the building as alleged in Paragraph 17(d).

e.   Defendants admit that the facility does not provide complaint directional and informational signage as alleged in Paragraph 17(e).

f.   Defendants deny there is no signage addressing people with disabilities telling them that accessible services are provided as alleged in Paragraph 17(f).

18.   Defendants deny the allegations in Paragraph 18.

19.   Defendants deny the allegations contained in Paragraph 19.

20.   Defendants admit that they are required to make the establishment a place of public accommodation, accessible to persons with disabilities.  Defendants deny the remainder of the allegations contained in Paragraph 20.

21.   Defendants deny that Plaintiff is entitled to the recovery of reasonable attorney's fees, costs and expenses as alleged in Paragraph 21.

22.   Defendants admit that the Court is vested with authority to order injunctive relief as alleged in Paragraph [sic] 20.  Defendants deny that Plaintiff is entitled to injunctive relief.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE THRC, TEX. HUM. RES. CODE ANN. §121.001 *ET SEQ*.

23. Defendants admit the allegations in Paragraph 22 and adopt and re-allege their allegations in the previous paragraphs and incorporate them by reference.

24. Defendants admit the allegations in Paragraph 23.

25. Defendants admit the allegations in Paragraph 24.

26. Defendants admit that the THRC states that "[p]ersons with disabilities have the same right as persons without disabilities to the full use and enjoyment of any public facility in the state," as alleged in Paragraph 25.

27. Defendants admit that discrimination prohibited by the THRC includes a "failure to…comply with Texas Government Code §469." TEX. HUM. RES. CODE ANN. §121.003(d)(1). Defendants admit that Article 9102, Texas Civil Statues, Texas Accessibility Standards (TAS) has been codified as Texas Government Code §469, Elimination of Architectural Barriers. Defendant denies the balance of the allegations contained in Paragraph 26.

28. Defendants admit the allegations in Paragraph 27.

29. Defendants deny the allegations in Paragraph 28.

30. Defendants deny the allegations in Paragraph 29.

31. Defendants deny the allegations in Paragraph 30.

### REQUEST FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief sought in his request for relief.

### AFFIRMATIVE DEFENSES

1. Defendants JB Sosa, Corbette Padilla, and Richard Padilla are not liable in the capacity that they have been sued and are not individually liable.

WHEREFORE, Defendants respectfully request that Plaintiff takes nothing and that Defendants be awarded its attorneys' fees and costs; and for such other and further relief, at law or in equity, to which Defendants may show itself justly entitled.

Respectfully submitted,

By: /s/ Holly B. Williams
    Holly B. Williams
    Texas Bar No. 00788674
    Naomi Cobb
    Texas Bar No. 24094592

**WILLIAMS LAW FIRM, P. C.**
1209 W Texas Avenue
Midland, TX 79701-6173
432-682-7800
432-682-1112 (fax)
holly@williamslawpc.com
naomi@williamslawpc.com

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2016, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Western District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means:

Ronald E. Stern
The Advocacy Law Firm, P.A.
1250 Hallandale Beach Boulevard, Suite 503
Hallandale Beach, FL  330099
ronsternlaw@gmail.com

/s/ Holly B. Williams
    Holly B. Williams